UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WESCO DISTRIBUTION, INC.,                           :
                                                    :    Case No. 1:16-cv-6743
                          Plaintiff,                :
                                                    :
              -against-                              :
                                                    :    **COMPLAINT**
TUTOR PERINI CORPORATION,                            :
TRAVELERS CASUALTY AND SURETY                        :
COMPANY OF AMERICA, FEDERAL                          :
INSURANCE COMPANY, FIDELITY AND                      :
DEPOSIT COMPANY OF MARYLAND,                         :
ZURICH AMERICAN INSURANCE                            :
COMPANY, SAFECO INSURANCE                            :
COMPANY OF AMERICA, EATON                            :
ELECTRIC, INC. AND GARY EATON,                            :
                                                    :
                          Defendants.               :
-----------------------------------------------------------X

WESCO Distribution, Inc., by its attorneys, Todd & Levi, LLP, as and for its

Complaint herein, respectfully alleges as follows:

## ALLEGATIONS APPLICABLE TO
## ALL CLAIMS FOR RELIEF

## THE PARTIES

1.    WESCO Distribution, Inc. ("WESCO"), is a corporation organized and

existing under the laws of the State of Delaware, maintaining a principal place of

business in Pittsburgh, Pennsylvania, and is duly qualified to do business in the State of

New York.   WESCO is in the business of, among other things, the sale of electrical

equipment and related supplies and materials.

2.     Upon information and belief, defendant Tutor Perini Corporation ("TPC"), is, and at all material times hereinafter mentioned was, a corporation organized and existing under the laws of the State of Massachusetts, maintaining a principal place of business in New York at 100 Main Street, New Rochelle, New York.

3.     Upon information and belief, defendant Travelers Casualty and Surety Company of America ("Travelers"), is a corporation organized and existing under the laws of the State of Connecticut, maintaining a principal place of business at One Tower Square, Hartford Connecticut, is engaged in business, among other things, as a surety company and issues payment bonds for construction projects located within New York.

4.     Upon information and belief, defendant Federal Insurance Company ("Federal"), is a corporation organized and existing under the laws of the State of Indiana, maintaining a principal place of business at 15 Mount View Road, Warren, New Jersey 07061-1615, is engaged in business, among other things, as a surety company and issues payment bonds for construction projects located within New York.

5.     Upon information and belief, defendant Fidelity and Deposit Company of Maryland ("Fidelity"), is a corporation organized and existing under the laws of the State

2

of Maryland, maintaining a principal place of business at 1299 Zurich Way, Schaumberg, IL 60196, is engaged in business, among other things, as a surety company and issues payment bonds for construction projects located within New York.

6.     Upon information and belief, defendant Zurich American Insurance Company ("Zurich"), is a corporation organized and existing under the laws of the State of New York, maintaining a principal place of business at 1299 Zurich Way, Schaumberg, IL 60196, is engaged in business, among other things, as a surety company and issues payment bonds for construction projects located within New York.

7.     Upon information and belief, defendant Safeco Insurance Company of America ("Safeco," together with Travelers, Federal, Fidelity and Zurich, the "Sureties"), is a corporation organized and existing under the laws of the State of New Hampshire, maintaining a principal place of business at 175 Berkeley Street, Boston, Massachusetts, is engaged in business, among other things, as a surety company and issues payment bonds for construction projects located within New York.

8.     Upon information and belief, defendant Eaton Electric, Inc. ("Eaton"), is, and at all material times hereinafter mentioned was, a corporation organized and existing under the laws of the State of New York, maintaining a principal place of business at 2345 Hollers Avenue, Bronx New York.

3

9. Upon information and belief, Defendant Gary Eaton ("Gary") is the President of Eaton and a resident of the State of Connecticut, residing at 22 Mallett Drive, Trumbull, Connecticut 06611 and at all relevant times alleged herein, Gary worked in the State of New York and he signed a personal guaranty in favor of WESCO as described in detail below, pursuant to which he guaranteed the payments owed by Eaton to WESCO for materials sold in connection with a public improvement construction project located within the Eastern District of New York.

10. The Court has personal jurisdiction over all of the Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE

11. Jurisdiction is properly founded upon 28 U.S.C. §1332 because Plaintiff and the Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. Venue is properly laid in the Eastern District of New York pursuant 28 U.S.C. §1391 because the project in respect of which the Sureties and TPC issued the Payment Bond (as defined below) and in respect of which Eaton owes monies to WESCO is located in the Eastern District of New York and as such, a substantial part of the events or omissions giving rise to the claims that are the subject of the action occurred in the

4

Eastern District of New York.

## **NATURE OF ACTION**

13.     As more fully described below, this action arises from the failure and refusal of:

a) TPC, a general contractor, and the Sureties to abide by their obligations pursuant to a payment bond issued in connection with a public improvement construction project described below and to pay WESCO approximately $875,000.00 for the materials WESCO, a material supplier, undeniably sold and delivered for such project;

b) Eaton, a subcontractor on such public improvement project, to pay WESCO for the materials Eaton purchased and which were undeniably sold and delivered by WESCO for such project, for which Eaton also owes to WESCO an aggregate amount of approximately $875,000.00.

c) Gary, a guarantor, to pay WESCO the monies owed by Eaton to WESCO pursuant to the personal guaranty Gary provided to WESCO to induce WESCO to continue to do business with Eaton.

## BACKGROUND

## CQ032 Plaza Substation and Queens Structures Project and the Payment Bond

14.     Upon information and belief, some time prior to December, 2011, TPC, as contractor, entered into an agreement with the Metropolitan Transportation Authority ("MTA"), as owner (the "TPC Agreement"), to provide certain work and services in connection with the construction of a certain public improvement construction project known as CQ032 Plaza Substation and Queens Structures Project in Queens (the "Plaza Substation Project").

15.     Upon information and belief, after TPC entered into the TPC Agreement, TPC as contractor and principal and the Sureties as surety each executed and delivered that certain payment pond bearing bond numbers 105580159, 82204799, 9036242 and 6744614 in connection with the Plaza Substation Project (the "Payment Bond"). A copy of the Payment Bond is attached hereto as Exhibit A.

16.     By the terms of the Payment Bond, TPC and the Sureties, among other things, jointly and severally bound themselves to pay all persons furnishing labor, materials and equipment to TPC and/or Eaton, as TPC's subcontractor, for use by TPC

6

and/or Eaton in the prosecution of the work required in connection with the Plaza Substation Project.

17.     Upon information and belief, after TPC entered into the TPC Agreement, TPC, as general contractor, entered into an agreement with Eaton, as subcontractor (the "Eaton Agreement"), to provide certain electrical work, services and electrical materials to TPC for use by TPC in the construction of the Plaza Substation Project.

18.     After Eaton entered into the Eaton Agreement, in or about late 2011, Eaton requested that WESCO supply to Eaton electrical materials and related supplies for use in connection with the performance of Eaton's work as an electrical subcontractor for the Plaza Substation Project.

**WESCO Sells Materials to Eaton for the Plaza Substation Project**

19.     Thereafter, between approximately late December, 2011 through and including April, 2016, at the specific request of Eaton, WESCO supplied electrical materials and supplies to Eaton (the "WESCO Material"), for use in connection with the performance of Eaton's work as an electrical subcontractor for the Plaza Substation Project.

7

20.     Eaton received, retained and accepted the WESCO Material without timely objection.

21.     WESCO rendered monthly statements and invoices to Eaton for the sale and delivery of the WESCO Material (the "Statements"), which Statements and invoices were accepted by Eaton without timely objection.

22.     Eaton failed to pay WESCO for all of the WESCO Material which was used or reasonably required for use by Eaton in connection with its work as subcontractor to TPC for the Plaza Substation Project.

23.     The total principal amount due and owing by Eaton to WESCO in respect of the WESCO Material for which a claim is asserted herein is $875,528.84 (the "WESCO Principal Claim Amount"). As explained below, services charges have also accrued on the WESCO Principal Claim Amount in the amount of 18% per annum on each unpaid invoice which is more than thirty days past due through the date of the entry of any judgment herein.

**The Signing of WESCO's Credit Application and a Guaranty**

24.     In September, 2014, as a result of Eaton's failure timely to pay the amounts owed to WESCO for the Plaza Substation Project and for other projects for which

8

WESCO was supplying material, WESCO requested that Eaton sign WESCO's credit application and that Gary sign a personal guaranty of the payment of all sums due and owing by Eaton to WESCO before WESCO would sell any further materials to Eaton on credit.

25.     In order to induce WESCO to continue to sell electrical materials to Eaton on credit for the Plaza Substation Project and for other projects, Eaton signed and submitted to WESCO a credit application (the "Credit Application") and Gary signed and submitted a personal guaranty (the "Personal Guaranty"). A true copy of the Personal Guaranty, together with the Credit Application submitted by Eaton, including WESCO's terms and conditions of sale, is annexed hereto as Exhibit "B."

26.     Pursuant to the Credit Application, Eaton agreed that it would abide by WESCO's terms and conditions of sale (the "Terms and Conditions"), including paying WESCO within thirty days of the date of WESCO's invoice for the sale and delivery of materials and further agreed that in the event payment was not made to WESCO within such 30 day period, Eaton would be liable to pay service charges at a rate of one and one half percent per month on all principal amounts due and owing to WESCO for such materials.

27.     Pursuant to the Terms and Conditions, Eaton and Gary also agreed that Eaton (and Gary, through the Personal Guaranty) would "be liable for all collection costs

9

incurred by WESCO, including without limitation, attorney's and collection agency fees and the related disbursements" in the event that WESCO retained counsel to collect the amounts owed by Eaton to WESCO.

28.     Pursuant to the Personal Guaranty, Gary agreed to personally guaranty to WESCO the payment on demand of any obligation of Eaton that may become due to WESCO, including but not limited to all principal amounts owed and service charges and interest.

29.     Pursuant to the Personal Guaranty, Gary agreed that the Personal Guaranty is a primary, absolute, continuing and irrevocable guaranty and is not subject to any counterclaims, set-offs, deductions or defenses.

30.     Pursuant to the Personal Guaranty, Gary also waived, among other things, notice of default, non-payment, non-performance, dishonor and protest.

**WESCO Makes Demand for Payment under the Payment Bond**

31.     As a result of the failure of Eaton to pay the WESCO Principal Claim Amount, on or about March 22, 2016, WESCO through its counsel made demand upon TPC and the Sureties, among others, for payment of the WESCO Principal Claim

Amount[1] owed in respect of the WESCO Materials and pursuant to the Payment Bond (the "WESCO Bond Claim Notice"). A copy of the WESCO Bond Claim Notice is attached hereto as Exhibit C.

32.    The WESCO Bond Claim Notice was served upon TPC, the Sureties, Eaton and the MTA within one hundred and twenty days of the date that WESCO last furnished the WESCO Materials to the Plaza Substation Project.

33.    Thereafter, on or about March 29, 2016, WESCO received notice from one or more of the Sureties advising that Travelers was the lead surety and that it would be conducting an investigation of WESCO's claims. All further communications to WESCO or its counsel from the Sureties regarding WESCO's claim for payment was sent by Travelers.

34.    On or about April 28, 2016, WESCO submitted to Travelers a duly signed claim form prescribed by Travelers to provide further details about the claim and it also submitted almost one thousand pages of documents in support of the claim, which included among other things, invoices, proofs of delivery and payment records (the "WESCO Documentation").

---

[1] At the time that the WESCO sent the WESCO Claim Notice, the amount owed was $872,670.84, which amount was subsequently amended as discussed in paragraph 43 below.

35.     On or about May 3, 2016, Travelers acknowledged receipt of the WESCO Documentation and advised that it would send same to TPC for review and comment.

36.     Thereafter, on May 26, 2016, when Travelers had failed to communicate any further with WECSO, WESCO provided a follow-up letter to inquire as to the status of its claims and to request that the status report be provided by May 31, 2016.

37.     Travelers failed promptly to respond to the May 26, 2016 letter.  Instead, Travelers delayed in processing the WESCO claim for payment under the Payment Bond.

38.     Finally, in mid-June, Travelers orally advised that it was not paying WESCO, allegedly because WESCO had already been paid. While such a claim by Travelers was completely unfounded and untrue, WESCO nevertheless demanded that Travelers provide proof of such alleged payment.[2]   On June 16, 2016, Travelers advised that it would provide the documentation showing payment.

39.     By June 24, 2016, WESCO again advised Travelers that no documents had been provided demonstrating payment to WESCO and that three months had passed since WESCO gave notice in March of its claim.

---

[2] In response to WESCO's claim, TPC claimed that it had paid Eaton (not WESCO) for the WESCO Material, but TPC failed to provide any evidence that it had paid even Eaton for the WESCO Material.  In all events, payment to Eaton, even if true, is neither a defense to WESCO's claim for payment nor an excuse not to pay WESCO pursuant to the Payment Bond.

40. On June 29, 2016, Travelers purported to provide documentation to WESCO demonstrating payment, but none of the documents showed that WESCO was paid.

41. Needless to say, neither Travelers nor TPC ever provided any proof that WESCO had been paid for the WESCO Material.

42. On November 4, 2016, WESCO made final demand upon TPC and Travelers for payment of the amounts owed to WESCO. A copy of the November 4, 2016 letter is attached hereto as Exhibit D.

43. On November 7, 2016, WESCO amended the amount of its claim from $872,670.84 to $875,528.84, the WESCO Principal Amount. WESCO's claim was amended to reflect some additional billing not included with the original claim. The November 7 amendment included documentation supporting the slight increase in the claim amount. A copy of the November 7, 2016 claim notice with supporting documentation is attached hereto as Exhibit E.

44. Notwithstanding the provision of the WESCO Documentation, the Sureties and TPC have failed and refused to pay the WESCO Principal Claim Amount owed to

13

WESCO for the WESCO Material.

45.     None of the Defendants have paid the amounts due and owing to WESCO in respect of the WESCO Material and the Payment Bond, despite due demand therefore.

46.     Indeed, WESCO has had no response from the Sureties since June 29, 2016.

47.     Upon information and belief, more than two (2) years has not elapsed after the complete performance of the TPC Agreement and the final settlement thereof.

48.     All notices required to be given pursuant to the Payment Bond have been given.

## FIRST CLAIM FOR RELIEF AGAINST EATON

(Breach of Contract)

49.     WESCO repeats and realleges the allegations contained in paragraphs 1 through 48 above as if fully set forth herein at length.

14

50.     By reason of the foregoing, and as a result of the breach by Eaton of its agreement and failure promptly to pay to WESCO the WESCO Principal Claim Amount, WESCO is entitled to a judgment against Eaton in the principal amount of $875,528.84, with service charges at the rate of 18% per annum accrued and accruing on each unpaid invoice which is thirty days past due, through the date of the entry of judgment herein, plus the costs and expenses of this action, together with such other and further relief as this Court may deem appropriate.

## SECOND CLAIM FOR RELIEF AGAINST EATON

(Account Stated)

51.     WESCO incorporates by reference paragraphs 1 through 50 above, as if fully set forth herein at length.

52.     WESCO provided to Eaton and Eaton received from WESCO the monthly Statements in respect of the WESCO Material for which payment is sought herein.

53.     Eaton did not render any objection to any of the Statements.

54. By reason of the foregoing, there is an account stated between Eaton and WESCO in respect of the Statements and WESCO is entitled to a judgment against Eaton in the principal amount of $875,528.84, with interest and service charges accrued and accruing thereon at the rate of 1 and 1/2% per month on all sums which Eaton failed timely to pay to WESCO in respect of the WESCO Material, plus the costs and expenses of this action, together with such other and further relief as this Court may deem appropriate.

## **THIRD CLAIM FOR RELIEF AGAINST GARY**

(Breach of Personal Guaranty)

55. WESCO incorporates by reference paragraphs 1 through 54 above, as if fully set forth herein at length.

56. By reason of the foregoing, as a result of Eaton's breach of contract, and failure promptly to pay WESCO amounts due in respect of the WESCO Material, and pursuant to the Personal Guaranty, WESCO is entitled to a judgment against Gary in the principal amount of $875,528.84, with interest and service charges accrued and accruing thereon at the rate of 1 and 1/2% per month on all sums which Eaton failed timely to pay to WESCO in respect of the WESCO Material, plus the costs and expenses of this action, together with such other and further relief as this Court may deem appropriate.

16

## FOURTH CLAIM FOR RELIEF AGAINST TPC AND EACH OF THE SURETIES

(The Payment Bond)

57.     WESCO incorporates by reference paragraphs 1 through 54 above, as if fully set forth herein at length.

58.     Upon information and belief, Eaton has proffered no defense to WESCO's claim for payment of the WESCO Principal Claim Amount.

59.     Upon information and belief, neither TPC nor any of the Sureties have interposed any bona fide defense under applicable law or under the Payment Bond to payment of the WESCO Principal Claim Amount and any alleged claimed defenses offered by TPC and/or by the Sureties are without substantial basis in fact or law.

60.     TPC and the Sureties have wrongfully failed and refused to pay WESCO the WESCO Principal Claim Amount, notwithstanding the fact that WESCO has provided the WESCO Documentation to substantiate its claim for payment and such parties did not request or require any further documentation from WESCO.

61.     Defendants have acted in bad faith in refusing to pay all or any portion of the WESCO Principal Claim Amount as alleged herein.

17

62.     By reason of the foregoing, and pursuant to the Payment Bond, Travelers,

Federal, Fidelity, Zurich, Safeco and TPC, jointly and severally owe to WESCO the

principal sum of $875,528.84, with interest and/or service charges accrued and accruing

thereon at the rate of 1 and 1/2% per month on all invoices which are more than thirty

days past due, together with attorneys's fees and expenses pursuant to Section 137 of the

New York State Finance law in an amount to be determined by the Court, and together

with such other and further relief as this Court may deem appropriate, including the costs

and expenses of this action.

## FIFTH CLAIM FOR RELIEF AGAINST EATON AND GARY

(Collection Costs and Attorneys' Fees)

63.     WESCO incorporates by reference paragraphs 1 through 56 above, as if

fully set forth herein at length.

64.     By reason of the foregoing, as a result of Eaton's failure to pay WESCO

the amounts due for the WESCO Material, and pursuant to the Personal Guaranty and the

Terms and Conditions, WESCO is entitled to a judgment against Eaton and Gary, jointly

and severally, in an amount to be determined by the Court for WESCO's collection costs

18

and expenses, including but not limited to its reasonable attorneys' fees, plus costs and expenses, which WESCO has incurred and will continue to incur in this action.

## SIXTH CLAIM FOR RELIEF AGAINST EATON

(Quantum Meruit)

65.     WESCO incorporates by reference paragraphs 1 through 64 above, as if fully set forth herein at length.

66.     WESCO supplied the WESCO Material at the specific request of Eaton, which Eaton accepted without objection.

67.     The aggregate reasonable value of the WESCO Material is $875,528.84.

68.     By reason of the foregoing, WESCO has been damaged and is entitled to recover from Eaton and to a judgment against Eaton in the total principal amount of at least $875,528.84, together with interest accrued and accruing thereon.

19

## SEVENTH CLAIM FOR RELIEF AGAINST EATON

### (Unjust Enrichment)

69.     WESCO incorporates by reference paragraphs 1 through 64 above, as if fully set forth herein at length.

70.     WESCO supplied the WESCO Material in good faith and at the specific request of Eaton, and with the reasonable expectation of being compensated for the WESCO Material.

71.     Eaton benefited from the WESCO Material and consequently Eaton has been unjustly enriched.

72.     By reason of the foregoing, WESCO has been damaged and is entitled to recover from Eaton and to a judgment against Eaton in an amount to be determined at the trial of this action, but which amount is estimated to be at least $875,528.84, together with interest accrued and accruing thereon.

**WHEREFORE,** Plaintiff WESCO Distribution, Inc. demands judgment as follows:

(a)     Upon the First Claim for Relief against Eaton Electric, Inc ("Eaton") the principal amount of $875,528.84, with interest and service charges accrued and accruing

20

thereon at the rate of 1 and 1/2% per month on all sums which Eaton failed timely to pay to WESCO;

(b)     Upon the Second Claim for Relief against Eaton in the principal amount of $875,528.84, with interest and service charges accrued and accruing thereon at the rate of 1 and 1/2% per month on all sums which Eaton failed timely to pay to WESCO;

(c)     Upon the Third Claim for Relief against Gary Eaton ("Gary") in the principal amount of $875,528.84, with interest and service charges accrued and accruing thereon at the rate of 1 and 1/2% per month on all sums which Eaton failed timely to pay to WESCO;

(d)     Upon the Fourth Claim for Relief, against Tutor Perini Corporation, Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, Zurich American Insurance Company and Safeco Insurance Company of America, jointly and severally, in the principal amount of $875,528.84, with interest and/or service charges accrued and accruing thereon at the rate of 1 and 1/2% per month on all invoices which are more than thirty days past due, together with attorneys's fees and expenses pursuant to Section 137 of the New York State Finance law in an amount to be determined by the Court;

(e)     Upon the Fifth Claim for Relief against Eaton and Gary jointly and severally in an amount to be determined by the Court for WESCO's collection costs and expenses, including but not limited to its reasonable attorneys' fees, which WESCO has incurred and will continue to incur in this action;

21

(f)     Upon the Sixth Claim for Relief against Eaton, the total principal amount of at least $875,528.84, together with interest accrued and accruing thereon;

(g)     Upon the Seventh Claim for Relief against Eaton the total principal amount of at least $875,528.84, together with interest accrued and accruing thereon; and

(h)     Upon all Claims for Relief, granting to WESCO such other and further relief as the Court deems just and proper, together with the costs and expenses of this action.

Dated: New York, New York
        December 6, 2016

                          TODD & LEVI, LLP
                          By:
                          Jill Levi
                          444 Madison Avenue
                          Suite 1202
                          New York, New York 10022
                          (212) 308-7400


                          Attorneys for Plaintiff

22